```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SKYLINE TRAVEL, INC., and                      :
ABY GEORGE                                     :
                                               :
                           Plaintiffs,         : 08 Civ. 991 (LTS )(MHD)
                                               :
                                               :
                                               :
         -against-                             : PRELIMINARY PRETRIAL
                                               : STATEMENT
                                               :
                                               :
SKYLINK TRAVEL INC.                            :
                                               :
                           Defendant.          :
------------------------------------------------------------------X
```

## PRELIMINARY PRETRIAL STATEMENT

### I. NATURE OF THE ACTION

This case is a business dispute involving defendant's cancellation of several plane tickets that had been purchased by plaintiffs and sold to their customers. Also, there are two disputed matters as to accounting for commissions earned by plaintiffs and returns made by plaintiff. Finally, defendant defamed plaintiffs by stating to various airlines that plaintiffs were bankrupt. Plaintiffs seek money damages.

### II. BASIS OF JURISDICTION

Plaintiffs' position is that the court has jurisdiction of this matter based on the complete diversity of citizenship of the parties, with plaintiff corporation being a New Jersey corporation, plaintiff individual being a citizen of Texas, and defendant corporation being a New York

corporation. The amount in controversy exceeds $100,000.00 and therefore, jurisdiction is based on 28 USC § 1332.

### III. UNDISPUTED FACTS

1. Plaintiffs are Skyline Travel, Inc. and Aby George.
2. Plaintiff Skyline Travel, Inc. is a New Jersey corporation.
3. Plaintiff Aby George is a resident of Texas.
4. Defendant Skylink Travel Inc. is a New York corporation.
5. Plaintiff Skyline Travel, Inc. is a travel agency and plaintiff Aby George is a travel agent that sells airline tickets at retail prices to customers.
6. Defendant Skylink Travel Inc. is a travel business that sells airline tickets.
7. Plaintiffs and defendant had a business relationship that started in 2004 in which defendant sold airline tickets, purchased from carriers, to plaintiffs, and plaintiffs paid for the tickets.
8. The sales were based on oral communications.
9. From March to May, 2007, plaintiffs placed orders for 21 tickets from defendant.
10. In or about late-May, 2007, defendant demanded payment for the 21 tickets.
11. Defendant cashed-in some of the 21 tickets that had been sold to plaintiffs.
12. As a result of the tickets being cashed-in, plaintiffs replaced the transportation for their customers.

### IV. DISPUTED FACTS

1. The parties dispute the timing of payment and general course of dealings with each other.

2. The parties dispute whether untrue statements concerning the plaintiffs were made to third parties.

3. The parties dispute whether defendant had the right to cash-in tickets that had been ordered by the plaintiffs.

4. The parties dispute when plaintiffs would pay for their purchased tickets, over the course of the years doing business.

5. The parties dispute when the orders were placed.

6. The parties dispute how many tickets were cashed-in by defendant.

7. The parties dispute whether plaintiffs were not refunded by defendant for a ticket that plaintiff refunded.

8. The parties dispute whether defendant did not pay plaintiffs commissions for certain credit card sales.

9. The parties dispute whether defendant's employees orally communicated to employees of Emirates airline and Air India that plaintiffs were bankrupt.

10. The parties dispute whether plaintiffs are not bankrupt.

11. The parties dispute whether plaintiffs have not filed for bankruptcy and never have filed for bankruptcy.

12. The parties dispute whether plaintiffs have lost business and profits as a result of defendant's actions.

13. The parties dispute whether plaintiff Aby George has sustained general damages including stress-related injuries, loss of reputation and good will, pain, suffering, embarrassment and humiliation as a result of defendant's actions.

V. **UNCONTESTEDLEGAL ISSUES**

1. The United States District Court for the Southern District of New York has jurisdiction of this matter.

2. Plaintiffs and defendants entered into numerous oral sales contracts.

VI. **CONTESTED LEGAL ISSUES**

1. When was payment due from plaintiffs, after plaintiffs purchased tickets from defendant.

2. Whether defendant had authority to cancel tickets or cash-in tickets, after selling them to plaintiffs.

3. Whether defendant breached its contracts with plaintiffs.

4. Whether defendant made material misrepresentations to plaintiffs as to billing due dates.

5. Whether plaintiffs relied to their detriment on said misrepresentations.

6. Whether defendant knew said misrepresentations were false when they were made.

7. Whether defendant's conduct in canceling tickets and cashing-in tickets was a breach of the duty of good faith and fair dealing.

8. Whether defendant's conduct in canceling tickets and cashing-in tickets was a tortious interference with the contracts that plaintiffs had with their customers.

9. Whether defendant's conduct in canceling tickets and cashing-in tickets was conversion.

10. Whether defendant was negligent in performing its duties as a wholesale travel business.

11. Whether defendant caused damages to plaintiffs, and if so, what is the value of said damages for:

    a. loss of profits;

    b. out-of-pocket losses for replacement air fare;

    c. loss of customers;

    d. loss of future customers, repeat business, and future profits;

    e. loss of good will;

    f. loss of reputation;

    g. losses related to claims and suits filed by the customers of plaintiffs that had their tickets cancelled;

    h. pain and suffering;

    i. embarrassment and humiliation.

12. Whether defendant's employees have defamed plaintiffs.

### VII. LEGAL BASIS OF PLAINTIFFS' CAUSES OF ACTION

Plaintiffs have brought suit on well-established, state common law causes of action.

**Count I: Breach of Contract.** The legal basis of plaintiff corporation's cause of action for breach of contract is the common law of the state of New York. The elements of a cause of action for breach of contract are: (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; (4) resulting damage. *Furia v. Furia*, 116AD2d 694, 498 NYS2d 12. The contract was formed when plaintiff placed orders for plane tickets at agreed upon prices and defendant procured the tickets. Plaintiff performed by paying for some of the tickets and being obligated to pay for the others within 28 days of purchase. Defendant failed to perform its promise and failed to deliver tickets when it cancelled the tickets. Defendant's cancellation caused damages to plaintiff in replacing the tickets at higher prices and in losing profits on the sale of travel to its customers.

**Count II: Misrepresentation**: The legal basis of plaintiff corporation's cause of action for misrepresentation is the common law of the state of New York. Plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury. *Ross v. Louise Wise Services, Inc.*, 8 NY3d 478, 836 NYS2d 509, 868 NE2d 189; *Lama Holding Co. v. Smith Barney, Inc.*, 88 NYS2d 413, 646 NYS2d 76, 668 NE2d 1370. It is plaintiff's position that defendant made a misrepresentation to plaintiff by not stating that payment was due in less

than 28 days, even though over the years 2004-2007, it was always payable within 28 days. Plaintiff relied upon the 28 day term and purchased tickets. Payment in less than 28 days was a false term and defendant knew that because the parties always agreed to a 28 day billing cycle. Plaintiff was damaged when defendant used non-payment by plaintiff to cancel tickets, even though plaintiff was relying on the 28 day payment term.

**Count III: Breach of the Duty of Good Faith.** The legal basis of plaintiff corporation's cause of action for breach of the duty of good faith is the common law of the state of New York. In every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing. *Kirk La Shelle Co. v. Paul Armstrong Co.*, 263 N.Y. 79, 188 N.E. 163 (1933). Plaintiff's position is that once the parties entered into a contract for the sale of plane tickets, defendant should have waited the usual and customary 28 days for payment, instead of summarily demanding payment and destroying the tickets by cancellation. It was bad faith for defendant to not wait the 28 days that was the agreed time for payment.

**Count IV: Intentional Interference with Contract.** The legal basis of plaintiff corporation's cause of action for intentional interference with contract is the common law of the state of New York. The elements of the

tort of interference with contract are: (1) the existence of a valid contract; (2) defendant's knowledge of that contract; (3) defendant's intentional procuring of the breach; (4) damages. *White Plains Coat & Apron Co., Inc. v. Cinton Corp.*, 8 NY 3d 422, 835 NYS 2d 530, 867 NE2d 381. Plaintiff travel agency and its customers had contracts for travel packages or airfare. Defendant knew this as plaintiff was a retail travel agency. Defendant intentionally interfered with and procured a breach by canceling the consideration in plaintiff's contracts with its customers, the plane tickets. This act caused damage to plaintiff and its customers.

**Count V: Conversion.** The legal basis of plaintiff corporation's cause of action for conversion is the common law of the state of New York. A person who, without authority, intentionally exercises control over the property of another person and thereby interferes with the other person's right of possession has committed a conversion and is liable for the value of the property. *Kaufman v. Simons Motor Sales Co.*, 261 NY 146, 184 NE 739; Restatement, Second, Torts §§ 253, 272. Defendant's cancellation and cashing-in of the plane tickets that it had previously sold to plaintiff travel agency was done purposefully and without authority. The tickets were plaintiff's, or plaintiff's customer's, at the time of cancellation. This interfered with plaintiff's rights to re-sell and make profit and it interfered with plaintiff's customer's rights to travel to and from the places of departure and arrival on the tickets.

**Count VI**: **Trade Defamation**. The legal basis of plaintiff corporation's cause of action for trade defamation is the common law of the state of New York. A person who makes a statement about another person's business which is reasonably understood to cast doubt upon the quality of the business by those who hear the statements, is liable for the pecuniary loss which results directly and naturally from the statement, provided that the statement is false and that it was made maliciously. *Ruder & Finn, Inc. v. Seaboard Surety Co.*, 52 NY2d 663, 439 NYS2d 858, 422 NE2d 518; *Drug Research Corp. v. Curtis Publishing Co.*, 7 NY 2d 435, 199 NYS2d 33, 166 NE2d 319. Defendant's comments to various people who worked for two airlines, that plaintiffs were bankrupt, was injurious. It was false as plaintiffs are not and never have been bankrupt. Furthermore, the statements were meant to hurt.

**Count VII**: **Negligence**: The legal basis of plaintiff individual's cause of action for negligence is the common law of the state of New York. *Coldwell v. Island Park*, 304 NY 268, 107 NE2d 441; *Sadowski v. Long Island R. Co.* 292 NY 448, 55 NE2d 497. Plaintiff's position is that defendant lacked ordinary care in its delivery of tickets that plaintiff purchased and in its conversations and statements to others, all of which amounted to negligence. Defendant failed to use that degree of care that a reasonably prudent airline ticket agent would have used under the circumstances.

**Count VIII**: **Defamation**: The legal basis of plaintiff individual's cause of action for defamation is the common law of the state of New York. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 US 749, 105 S Ct 2939; *Gaeta v. New York News, Inc.*, 62 NY2d 340, 477 NYS2d 82, 465 NE2d 802. Plaintiff must prove that: (1) the statement was defamatory, meaning that it had a tendency to expose the plaintiff to public hatred, contempt, ridicule or disgrace; (2) the statement referred to plaintiff, meaning that the statement would be reasonably understood to be about the plaintiff; (3) the defendant published or broadcast the statement, meaning that the defendant communicated the statement to someone other than plaintiff; (4) the statement was a substantial factor in causing the plaintiff to suffer financial loss. Defendant's comments to various people who worked for two airlines, that plaintiff was bankrupt, had a tendency to disgrace plaintiff and were clearly about plaintiff. The statements caused plaintiff loss in the form of lost business; these comments drove potential customers away.

## VIII. LEGAL BASIS OF DEFENDANT'S DEFENSES

Defendants maintain that the plaintiff failed to pay for the airline tickets at issue, despite numerous attempts by defendants to contact plaintiff with respect to payment. Accordingly, there was no duty owing to the plaintiff with respect to these tickets, which were properly cashed in when the plaintiff failed to pay for them.

    Defendants also maintain that they have not made any defamatory statements concerning the plaintiff.

## IX. BURDEN OF PROOF

The measure of proof is the civil standard: by a preponderance of the evidence. Plaintiffs have the burden of proof.

## X. AMENDMENTS TO THE PLEADINGS

PLAINTIFFS' STATEMENT:

Plaintiffs do not anticipate any amendments to the complaint.

DEFENDANT'S STATEMENT:

None anticipated.

## XI. DISCLOSURES REQUIRED BY RULE 26 (a) (1) AND CHANGES TO TIMING FOR DISCLOSURE

PLAINTIFFS' STATEMENT

1. Witnesses: Plaintiff, Aby George; treating physician.
2. Documents and things: summary sheet of tickets (two pages); spreadsheet of accounts (two pages).
3. Damages: Special damages, loss of profit on sale of travel;

    Special damages, added cost for replacement ticket;

    Special damages for pay-outs on claims filed by customers;

    General damages, loss of customers;

    General damages, loss of future profits;

    General damages, loss of reputation;

    General damages, pain and suffering;

General damages, embarrassment and humiliation.

4. Insurance: Not applicable.

5. Time: Disclosures shall be made pursuant to the rules.

DEFENDANT'S STATEMENT

1. Witnesses: Megha Patel, Ami Patel, Neha Sawant, Neety Chadha, Sanjeev Sarna, Fernando Virgolino, who are employees, officers or consultants of defendant.

2. Documents and things: Account history information, e-mails and correspondence.

3. Damages: Attorneys fees and costs.

4. Insurance: Not applicable.

XII. **DISCOVERY: FORM; SUBJECTS; SCHEDULE; CHANGES; LIMITATIONS**

PLAINTIFFS' STATEMENT:

Plaintiffs expect to propound interrogatories and a request for production. Plaintiffs require depositions of at least one employee of defendant, including the person who made false statements to various airlines as to plaintiff's financial status and, if necessary, a person from sales regarding issues of billing and payment.

Plaintiffs will pursue discovery on the following subjects: oral communications between plaintiffs and defendant; sales transactions; terms of purchases; history of the relationship and habits and customs over the years; payments made and not made; demands and requests for

payments; dates of cancellations and refunds; communications by defendants to carriers.

DEFENDANTS' STATEMENT:

Defendant expects to propound interrogatories, notice to produce and demand for admissions. Defendant requires depositions of the plaintiff and its fact and expert witnesses.

SCHEDULE:

Propound Interrogatories and Request for Production by: June 9, 2008;

Answer Interrogatories and Request for Production by: July 9, 2008;

Affirmative expert reports by: September 9, 2008;

Responding expert reports by: November 9, 2008;

Conclude depositions by: February 9, 2009;

Conclude all discovery by: February 9, 2009.

CHANGES: Plaintiffs do not anticipate that there will be a need for changes to the discovery parameters set forth in the rules.

LIMITATIONS: Any limitations as to discovery are to be determined at a later time, if at all.

### XIII. EXPERT WITNESS TESTIMONY

PLAINTIFFS' STATEMENT:

Plaintiffs do not anticipate calling any expert witness as to liability and do not think any material fact as to liability must be proven with expert testimony. Plaintiff Aby George anticipates calling a medical expert as to damages.

Affirmative expert reports shall be provided by September 9, 2008.

DEFENDANT'S STATEMENT:

Defendant reserves the right to serve a responsive medical expert report.

## XIV. SETTLEMENT

PLAINTIFFS' STATEMENT:

Plaintiffs are open to settlement. While a written demand has not been made, vague numbers have been mentioned in a telephone conversation between counsel for the parties. Plaintiffs are currently preparing a written demand.

DEFENDANT'S STATEMENT:

Defendant awaits a demand from plaintiff, with support for its claims.

## XV. MEDIATION

PLAINTIFFS' STATEMENT:

Plaintiffs are open to mediation both before discovery and if necessary after discovery.

DEFENDANT'S STATEMENT:

Defendant is open to mediation.

## XVI. JURY TRIAL

PLAINTIFFS' STATEMENT:

Plaintiffs demand a jury trial.

DEFENDANT'S STATEMENT:

Defendant waives a jury trial.

## XVII. TRIAL BY MAGISTRATE

The parties do not consent a transfer of this case to a magistrate judge.

## XVIII. DISPOSITIVE MOTIONS

PLAINTIFFS' STATEMENT:

Plaintiffs do not anticipate filing a summary judgment motion. Since resolution of any potential fact dispute will turn on oral evidence, this case is not appropriate for summary judgment motions; credibility determinations on matters such as oral contracts and defamatory statements must be evaluated by the jury.

DEFENDANT'S STATEMENT:

Defendant may wish to file a dispositive motion as to the issue of whether a contract existed between the parties for the transactions at issue, as well as to winnow out the ancillary portions of relief sought by plaintiffs, including those asserted for personal injury such as mental anguish.

## XIX. TRIAL EVIDENCE AND LENGTH OF TIME

PLAINTIFFS' STATEMENT:

Plaintiffs estimate that their case will be completed in a day and that the entire trial will be two days. Plaintiffs will call Aby George and a treating physician. Plaintiffs reserve the right to call additional liability and damages witnesses that will be identified in discovery. Plaintiffs reserve the right to call any of defendant's witnesses as of cross. Plaintiffs will proffer at least one exhibit including a billing document.

DEFENDANT'S STATEMENT:

Defendant estimates a two-day trial. Defendant will call Aby George, its own fact witnesses, and proffer documents relating to the parties previous transactions and billing history.

**XX.   ANY OTHER ORDERS TO BE ENTERED**

None at present.

Dated: New York, New York
April 25, 2008

By: _____
ROBERT G. LEINO
Attorney for Plaintiff
354 E. 91st Street, Apt. 1101
New York, NY 10128
212-289-8357
212-289-8919 (FAX)


By: _____
Daniel Y. Gielchinsky, Esq.
HERTEN, BURSTEIN, SHERIDAN, CEVASCO,
BOTTINELLI, LITT & HARZ, L.L.C.
Attorneys for Defendant
Counsellors at Law
747 Third Avenue, 37th Floor
New York, New York 10017
(212) 363-1380