UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

SKYLINE TRAVEL, INC., and
ABY GEORGE,

        Plaintiffs,

  -v-

SKYLINK TRAVEL, INC.,

        Defendant.

------------------------------------------------------x



No. 08 Civ. 00991 (LTS)(MHD)

## MEMORANDUM ORDER

        Plaintiffs Skyline Travel, Inc. ("Skyline"), a New Jersey corporation, and Aby George (collectively, "Plaintiffs"), bring this action asserting breach of contract, fraud, defamation, and related claims against Skylink Travel, Inc. ("Skylink" or "Defendant"), a New York corporation, in connection with air travel and ticketing arrangements. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendant filed cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has considered thoroughly all of the parties' submissions and, for the reasons stated below, Defendant's motion for summary judgment is granted in part and denied in part. Plaintiffs' motion for summary judgment is denied.

## BACKGROUND

        The following facts are undisputed, except as otherwise indicated. Plaintiff Skyline is a retail travel agency owned and operated by Plaintiff Aby George. Defendant Skylink purchases air transportation from carriers on a wholesale basis and resells the tickets to

agency clients like Skyline. The instant dispute arises out of a series of events taking place between May and June of 2007 that resulted in Skylink's cancellation of twenty-one passenger tickets, eighteen of which Plaintiffs claim to have paid for in full.

Plaintiffs and Defendant had a business relationship with respect to such ticket transactions from 2004 until June 2007, although there were no written contracts between the parties. Plaintiff Skyline purchased tickets from Defendant Skylink on behalf of its customers. Skylink paid the relevant airlines, issued the tickets in the names of Plaintiff Skyline's passengers, and invoiced Skyline for the agreed price. Defendant Skylink's weekly invoice statements listed passenger names, reference numbers, purchase dates, and prices for each ticket purchased. Each ticket's price was listed in one of five columns, labeled "0-6 Days," "7-13 Days," "14-20 Days," "Over 20 Days," and "Total," respectively. These column headings represented the number of days that had passed since the tickets identified in the respective columns had been issued to the passengers.

According to Defendant Skylink, these statements were issued on Monday and Tuesday of each week with payment due by Wednesday of the same week. Each statement reflected all of the tickets purchased the previous week, Monday-Friday, listing them in the "0-6 Days" Column. As Skylink's clients made purchases for their customers, individual ticket prices would appear in each of the labeled columns. Each column on the statement had a total price listed, but the statement also listed a total for all of the columns on the far right-hand side of the page. Tickets not paid for by Monday of the week during which the statement was issued appeared in the the "7-13 Days" column, and so on. Skylink contends that it considered any tickets listed in the "7-13 Days" column to be overdue but the record contains no indication that Skylink made any effort to collect from Plaintiff Skyline on such a schedule prior to May 2007.

Skylink contends that the payment terms of the parties' agreements mirrored the guidelines of the Airlines Reporting Corporation ("ARC"), which require payment to the airline ten days after the close of the weekly reporting date.

Plaintiffs assert that they understood the agreements with Defendant to reflect a twenty-eight-day payment cycle in which Skyline had from twenty-one to twenty-eight days to pay for tickets issued during the twenty-eight day statement period. Plaintiffs claim that each statement sent by Defendant reflected all individual tickets issued to Plaintiffs' customers as of the statement date, but that only the invoices for tickets that were at least twenty-one days old were due.

In May 2007, Plaintiff George traveled to India to visit his family for approximately three weeks. During that time, Skylink employees noted an outstanding balance on Skyline's account. Between May 22 and June 4, 2007, Skyline employee Megha Patel received e-mail communications from Defendant requesting payment of the outstanding balance. On June 6, 2007, Defendant's U.S. Operations Manager, Sanjeev Sarna, wrote a letter to Emirates Airlines ("Emirates") requesting the cancellation and refund to Skylink of tickets issued to seven specified passengers who had booked travel arrangements through Skyline. In that letter, Sarna stated: "[Skyline] has failed to pay us for the tickets and are now coming up with excuses. We have recalled all the Etickets back and cancelled all the bookings." Emirates cancelled the tickets and refunded the ticket prices to Skylink. Plaintiff Skyline asserts that Sarna's statement concerning the payment status of the tickets was false because Skyline had previously paid Skylink for four of the seven cancelled Emirates tickets and payment for the other three tickets was not yet due at the time of cancellation. Defendant Skylink acknowledges that it had received payments from Skyline, but asserts that it had properly applied the receipts to

older outstanding ticket invoices such that, as far as the Skyline/Skylink business relationship was concerned, Skyline had not made sufficient payments to cover those issued, outstanding and as yet unused tickets. Emirates thereafter refused to permit Plaintiff Skyline to obtain Emirates tickets through a standard airline booking facility; Plaintiffs contend that Emirates did so as a result of false statements by Defendant Skylink. When Aby George returned from India, he replaced some of the cancelled tickets but could not find replacement seats for approximately fifteen of the twenty-one affected passengers.

In its Amended Complaint, Skyline asserts causes of action against Skylink for breach of contract (Count I), misrepresentation to Skyline of the payment terms under which the tickets were sold in May 2007 (Count II), breach of the duty of good faith and fair dealing (Count III), tortious interference with Skyline's contractual relationships with its customers (Count IV), conversion (Count V), and trade defamation (Count VI). Plaintiff George asserts causes of action against Skylink for negligence (Count VII) and defamation (Count VIII). Defendant moves for summary judgment dismissing all of Plaintiffs' claims. Plaintiffs cross-move for summary judgment on Counts VI and VIII.

## DISCUSSION

Summary judgment as to a particular claim is appropriate where the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Material facts are those that "'might affect the outcome of the suit under governing law'" and "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001)(quoting Anderson, 477 U.S. at 248). The Court must view the evidence in the

light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. Rubens v. Mason, 527 F.3d 252, 255 (2d Cir. 2008) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). "Where, as here, there are cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC, 628 F.3d 46, 51 (2d Cir. 2010) (quoting Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)). "In reviewing the evidence and the inferences that may reasonably be drawn, the court 'may not make credibility determinations or weigh the evidence.'" Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000)).

The Court has reviewed thoroughly and considered carefully the parties' respective factual proffers and legal contentions. There are genuine disputes as to material facts regarding the terms of the parties' agreement on the terms of payment, the propriety of Defendant's use of ticket cancellations and refunds to recoup the funds it contends were past due, and Defendant's motives in connection with its communications with Emirates. Accordingly, Defendant's motion must be denied as to Counts I, II, III, IV and VI.

An action for conversion lies where the defendant assumed and exercised a right of ownership over goods belonging to another to the exclusion of the owner's rights. Peters Griffin Woodward, Inc. v. WCSC, Inc., 452 N.Y.S.2d 599, 600 (N.Y. App. Div. 1st Dept 1982).[1] It is possible to pursue a conversion claim with respect to money, but not for damages sought relating to a breach of contract. Id. A plaintiff asserting a claim for conversion must show that

---

[1] The parties cite New York law in support of their respective arguments.

"(1) the property subject to conversion is a specific identifiable thing, (2) plaintiff had ownership, possession, or control over the property before its conversion, and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of plaintiff's rights." Moses v. Martin, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (citing Phansalkar v. Andersen Weinroth & Co., L.P., No. 00 Civ. 1705 (LFO), 2001 WL 1524469 at *24 (S.D.N.Y. 2001), vacated on other grounds, 344 F.3d 184 (2d Cir. 2003)).

While the Complaint asserts that Skyline and/or its customers owned certain property interests in the cancelled tickets (Compl. ¶ 54), Plaintiffs have proffered no evidence that Skyline had any ownership or possessory interest in the tickets that had been purchased in the names of its customers or control over the tickets that Defendant had cancelled and refunded. Accordingly, Defendant is entitled to judgment dismissing the conversion claim as a matter of law.

Plaintiff George's negligence and defamation claims must also be dismissed. In New York, a plaintiff asserting a claim of negligence must show that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach was the proximate cause of the harm suffered by the plaintiff. King v. Crossland Savings Bank, 111 F.3d 251, 259 (2d Cir. 1997). While foreseeability and causation are considered factual issues for resolution by the jury, "the duty owed one member of society to another is a legal issue" to be decided by the courts. Eiseman v. State, 70 N.Y.2d 175, 187 (1987). Nothing in the Complaint or the parties' evidentiary proffers indicates that Skylink owed a duty to Aby George as an individual. Plaintiffs have proffered no evidence of any relationship between George, personally, and Defendant with respect to the ticketing arrangements that are at issue in this case. Rather, the evidence of record and the parties' contentions with respect to those arrangements

concern dealings between Defendant and the Plaintiff corporation. Defendant is therefore entitled to summary judgment dismissing Plaintiff George's negligence claim (Count VII).

Plaintiff's George's personal defamation claim likewise fails for lack of proof. The allegedly defamatory statements concerned the Plaintiff corporation, and there is no proffer of any evidence of defamatory statements concerning Plaintiff George. Count VIII of the Amended Complaint, will, accordingly, be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment dismissing Counts V, VII and VIII of the Complaint is granted. Defendant's motion is denied in all other respects. Plaintiffs' motion for summary judgment is denied in all respects. This Memorandum Order resolves docket entry nos. 37 and 40.

The parties are directed to contract Magistrate Judge Dolinger's Chambers promptly for settlement purposes and to address any outstanding pretrial issues.

SO ORDERED.

Dated: New York, New York
       June 13, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge